IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RAY L. GRISHAM, NAILAH A. LYNCH §
AND LOUIS THOMAS
    Plaintiffs,

V. § CIVIL ACTION NO. 4:14-cv-02598

LOVE'S TRAVEL STOPS AND
COUNTRY STORES, INC.
    Defendant. § JURY DEMANDED

## PLAINTIFFS' ORIGINAL COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 *et seq.* (1994 ed. and Supp. III) ("FLSA").  This action is brought as an individual action to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiffs Ray L. Grisham, Nailah A. Lynch and Louis Thomas ("Plaintiffs") by Defendant Love's Travel Stops and Country Stores, Inc.

### Parties

1.     Plaintiffs Ray L. Grisham ("Grisham"), Nailah A. Lynch ("Lynch") and Louis Thomas (Thomas) are former employees of Defendant, as that term is defined by the FLSA, and are represented by the undersigned.

2.     Defendant, Love's Travel Stops and Country Stores, Inc. ("Love's") is an Oklahoma corporation and was an "employer" of the Plaintiffs as that term is defined by the FLSA.  With respect to Plaintiffs, Love's is subject to the provisions of the FLSA.  Love's was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s).  Love's may be served with process through its registered agent CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### Jurisdiction and Venue

3.     This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiffs transacted business within this judicial district,

and the events underlying this complaint occurred within this judicial district as well.  At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce, operating on the interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.  At all times pertinent to this Complaint, Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).  Additionally, Plaintiffs were individually engaged in commerce and his work was essential to Defendant's business.  Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant and Plaintiffs transacted business within this judicial district and the events underlying this complaint occurred within this judicial district.  Upon information and belief, Defendant conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

## Factual Allegations

4.      Grisham worked for Defendant with the title of "Assistant Manager" from April 1, 2013 to June 17, 2014. During his tenure with the Defendant, Grisham regularly worked in excess of 40 hour in a workweek.  Grisham was a salaried employee during his entire time with Defendant.  Grisham's responsibilities included but were not limited to maintenance of store areas, cleaning restrooms, cleaning food preparation areas, cashiering, providing customer service to patron, cooking and food preparations – coffee and sandwiches, hot dogs, etc -, stocking the store, keeping track of inventory, dealing with vendors, and all other basic day-to-day retail operations.  Grisham was not authorized to hire or fire employees, conduct employee reviews or discipline employees.  Also, Grisham was expected to be available or on call to cover the shifts of absent employees and to work extended hours past his regular shift when short staffed.

5.      Lynch worked for Defendant with the title of "Assistant Manager" from October 2013 to the present.  Lynch regularly works in excess of 40 hour in a workweek.  Lynch is a salaried employee.  Lynch's responsibilities include but are not limited to maintenance of store areas, cleaning restrooms, cleaning food preparation areas, cashiering, providing customer service to patron, cooking and food preparations – coffee and sandwiches, hot dogs, etc -, stocking the store, keeping track of inventory, dealing with vendors, and all other basic day-to-day retail operations.  Lynch is not authorized to hire or fire employees, conduct employee reviews or discipline employees.  Also, Lynch is expected to be available or on call to cover the shifts of absent employees and to work extended hours past her regular shift when short staffed.

6.      Thomas worked for Defendant with the title of "Assistant Manager" for approximately 6 months in 2013. During his tenure with the Defendant, Thomas regularly worked in excess of 40 hour in a workweek.  Thomas was a salaried employee during his entire time with Defendant.  Thomas's responsibilities included but were not limited to maintenance of store areas, cleaning restrooms, cleaning food preparation areas, cashiering, providing customer service to patron, cooking and food preparations – coffee and sandwiches, hot dogs, etc -, stocking the store, keeping track of inventory, dealing with vendors, and all other basic day-to-day retail operations.  Thomas was not authorized to hire or fire employees, conduct employee reviews or discipline employees.  Also, Thomas was expected to be available or on call to cover the shifts of absent employees and to work extended hours past his regular shift when short staffed.

7.      During the weeks of Plaintiffs' employment with Defendant wherein they worked in excess of 40 hours, Defendant failed to pay Plaintiffs the overtime premium required by the FLSA for all overtime hours worked.

8.      At all times relevant hereto, the Defendant knew of, approved of, and benefited from Plaintiffs' regular and overtime work.

9. Plaintiffs did not ever serve in the capacity of executives, administrators, professionals or outside sales representatives, as those terms are understood pursuant to 29 C.F.R. §541. Plaintiffs were not exempt from the protections of the FLSA.

10. Defendant did not make a good faith effort to comply with the overtime provisions contained within the FLSA; in fact, Defendant knowingly and willfully violated the FLSA's requirements.

11. Defendant is liable to Plaintiffs under the FLSA for all unpaid wages and overtime compensation for the three-year-period preceding the filing of this lawsuit as well as for liquidated damages, attorney's fees, out of pocket expenses and costs of Court.

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

10. Based on the foregoing, Defendant violated the FLSA by failing to compensate Plaintiffs for overtime work performed in the employ of the Defendant.

11. Plaintiffs have suffered damages as a direct result of Defendant's illegal actions.

12. Defendant is liable to Plaintiffs for all unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA for work performed during time worked in excess of 40 hours per work week, for the three-year period preceding the filing of this lawsuit.

### Jury Demand

13. Plaintiffs demand a trial by jury on all claims they have asserted herein.

### Prayer for Relief

WHEREFORE, Plaintiffs demand:

1. Judgment against Defendant for an amount equal to Plaintiffs' unpaid overtime;
2. Judgment against Defendant that its violations of the FLSA were willful;
3. An amount equal to the unpaid wages damages as liquidated damages;
4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
5. All costs, recoverable expenses and attorney's fees incurred prosecuting these claims;

6. Leave to amend to add claims under applicable state laws; and
7. For such further relief as the Court deems just and equitable.

                              Respectfully Submitted,

                              */s/ Josef F. Buenker*
                              Josef F. Buenker
                              TBA No. 03316860
                              Federal ID No. 11498
                              1201 Prince Street
                              Houston, Texas 77008
                              713-868-3388 Telephone
                              713-683-9940 Facsimile
                              **ATTORNEYS-IN-CHARGE FOR**
                              **PLAINTIFF RAY L. GRISHAM,**
                              **NAILAH A. LYNCH AND LOUIS THOMAS**